

FILED & ENTERED

DEC 05 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Pgarcia    DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>7590 LA JOLLA, LLC,<br><br><br><br><br><br>Debtor. | Case No.: 1:21-bk-11709-VK<br><br>Chapter 7<br><br>**MEMORANDUM OF DECISION DENYING MOTION OF WESTERN FOUNDATIONS & SHORING, INC. FOR RECONSIDERATION**<br><br>[No Hearing Held] |

The Court has read and considered the motion for reconsideration of its order sustaining the chapter 7 trustee's objection to proof of claim no. 4 (the "Motion") [docket no. 93], filed by Western Foundations & Shoring, Inc. ("WF").  Considering the arguments and evidence presented in support of the Motion, the chapter 7 trustee's opposition to the Motion and the record in this case, the Court finds that a hearing on the Motion is unnecessary.  As discussed below, WF has not established cause for the Court to reconsider the order sustaining the chapter 7 trustee's objection to proof of claim no. 4 [docket no. 87].

Reconsideration is only appropriate if the Court (1) is presented with newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial under Fed. R. Civ. P. 59(b), (2) committed clear error or the initial decision was manifestly unjust or (3) if there is an intervening change in controlling law.  *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## I.  BACKGROUND

On October 18, 2021, 7590 La Jolla, LLC ("Debtor") filed a voluntary chapter 7 petition. Diane C. Weil was appointed as the chapter 7 trustee (the "Trustee").  Debtor is the owner of real property located at 7570 – 7590 La Jolla Boulevard, La Jolla, CA 92037 (the "Property").

On July 7, 2022, WF filed proof of claim no. 4 against the estate (the "Proof of Claim"), asserting a secured claim in the amount of $115,104.00 and an unsecured claim in the amount of $66,900.14.  The unsecured claim was comprised of attorney's fees in the amount of $45,803.00 and interest in the amount of $21,097.14.  WF indicated its secured claim was based on a mechanic's lien recorded against the Property on December 31, 2020 (the "December Mechanic's Lien").  WF also indicated that, prior to recording the December Mechanic's Lien, it

served two California Preliminary Notices (the "Preliminary Notices") on Debtor, general

contractor Contained and first deed of trust holder AB Capital.

On July 28, 2022, the Trustee filed an objection to WF's secured and unsecured claims

(the "Objection") [doc. 71].  On August 17, 2022, WF filed a response to the Objection (the

"Response") [doc. 75].  According to the Trustee, WF's December Mechanic's Lien was not

enforceable against Debtor because the proof of service declarations on the Preliminary Notices

did not include documentation required under California Civil Code ("CCC") § 8118(b)(1)-(4).

WF contended that it properly served the Preliminary Notices.

On September 1, 2022, the Court held a hearing on the Objection.  On September 12,

2022, the Court sustained the Objection (the "Order") [doc. 87] in part, on the grounds that with

respect to the Preliminary Notices, WF had not produced the required documentation under CCC

§ 8118(b), i.e.: (1) documentation provided by the United States Postal Service (the "USPS"),

showing that payment was made to mail the Preliminary Notices using registered or certified

mail, or express mail under § 8118(b)(1); (2) documentation provided by an express service

carrier showing that payment was made to send the Preliminary Notices using an overnight

delivery service under § 8118(b)(2); (3) a return receipt, delivery confirmation, signature

confirmation, tracking record, or other proof of delivery or attempted delivery provided by the

USPS, or a photocopy of the record of delivery and receipt maintained by the USPS, showing the

date of delivery and to whom delivered, or in the event of nondelivery, by the returned envelope

itself under § 8118(b)(3); or (4) a tracking record or other documentation provided by an express

service carrier showing delivery or attempted delivery of the Preliminary Notices under §

8118(b)(4).  *See also* doc. 85.

As such, the Court held that WF did not prove it strictly complied with the preliminary notice requirement necessary to perfect and enforce the December Mechanic's Lien.

On September 26, 2022, WF filed the Motion [doc. 93].  On October 10, 2022, the Trustee filed an opposition to the Motion (the "Opposition") [doc. 98].

**A.    The Motion**

In the Motion, WF requests that the Court reconsider the Order and establish that WF has a secured interest in the Property.

1.    ***Compliance with CCC § 8118***

WF states that, although its Response did not reflect strict compliance with CCC § 8118(b), WF has new evidence that *does* show strict compliance.  WF further states that, after the Court sustained the Objection, WF and its counsel "researched the website of the [USPS]". Motion, p. 4.  In support of the Motion, WF includes a declaration of WF's chief estimator Garry Hove (the "Hove Declaration") [doc. 93] and a declaration of Ashlin Steele, an associate at Miltner & Menck, APC, attorneys of record for WF (the "Steele Declaration) [doc. 93].

Mr. Hove contends that on March 6, 2020, WF properly served a California Preliminary Notice on Debtor, Contained and AB Capital via certified mail.  Hove Declaration, ¶ 4.  Attached to the Hove Declaration as Exhibit 1 are certified mail receipts showing payments made for the service of California Preliminary Notices in compliance with CCC § 8118(b)(1) (the "Certified Mail Receipts").  Hove Declaration, ¶ 5, Exh. 1.  The Certified Mail Receipts reflect payment for service on Debtor and Contained.  Hove Declaration, Exh. 1.  The Certified Mail Receipts were provided by the USPS.  Hove Declaration, ¶ 5.  There is no certified mail receipt indicating service on AB Capital.  Mr. Hove does not indicate whether WF had possession of the Certified Mail Receipts prior to the hearing on the Objection.

On September 21, 2022, Ms. Steele performed a search on the USPS' website for tracking numbers associated with the Certified Mail Receipts. Steele Declaration, ¶ 3. Attached to the Steele Declaration as Exhibit 2 is a tracking statement for certified mail sent to Debtor (the "Debtor Service Tracking Record"). Steele Declaration, Exh. 2. The most recent entry in the Debtor Service Tracking Record, dated March 13, 2020, states "AWAITING DELIVERY SCAN". *Id*. Attached to the Steele Declaration as Exhibit 3 is a copy of a signature for certified mail sent to Contained (the "Contained Service Tracking Record"). Steele Declaration, Exh. 3. The signature is indecipherable; however, according to the Contained Service Tracking Record, someone signed for the certified mail sent to Contained on March 12, 2020. *Id*. There is no tracking record or signature which reflects service on AB Capital.

2. ***Alleged Exception to the Statutory Notice Requirement of CCC § 8118***

WF contends that there is an applicable exception to the statutory notice requirement under CCC § 8118, which exception provides that a lien is enforceable when an owner receives actual notice that a subcontractor worked on a project. WF further contends that Debtor had actual notice that WF worked on the Property because Debtor paid WF $68,015 directly for the release of a prior mechanic's lien. According to WF, the purpose of strict compliance is to provide actual notice to an owner, and because Debtor had actual notice that WF worked on the Property, WF's lien is valid and enforceable.

3. ***Equitable Principals, the Remedial Nature of Mechanic's Liens and Mechanic's Lien Law***

According to WF, equitable principles and the remedial nature of mechanic's lien laws favor its position that, because Debtor had notice of WF's work on the Property, WF's secured claim should be allowed. WF further represents that the purpose of mechanic's lien law is to

protect workers like WF, and that mechanic's lien laws should be "'liberally construed for the protection of laborers and materialmen.'"  Motion, p. 7.  WF states that, without reconsideration of the Order, it will be deprived of the benefit of its labor and materials because there may not be sufficient funds in the estate to satisfy unsecured nonpriority claims.

4.    ***Estoppel as Relates to Lack of Notice***

WF states that, because Debtor had actual knowledge of the work WF performed, Debtor had the opportunity to protect its interest against the December Mechanic's Lien.  WF further states that "[former] [s]ection 3097 provides an exception to the notice requirement for '…one under direct contract with the owner . . . .'"  Motion, p. 8.  According to WF, even if there is no contractual relationship between Debtor and WF, Debtor's actual knowledge of the work WF performed on the Property estops it from asserting the notice requirements of "[former] [CCC] section 3097" as a defense.  **[FN 1]**.

In addition, WF states that "[former] [CCC] [s]ection 3129 establishes a presumption that all construction work performed on property with the owner's knowledge 'shall be held to have been…constructed, performed, or furnished at the instance of such owner…'", and that, "where a work of improvement is completed on leased land under contract with a lessee of the property, the statutory exception to the notice requirement of [former] [CCC] section 3097 applies."  **[FN 2]**.

**B.    The Opposition**

In the Opposition, the Trustee contends that WF has not demonstrated there is any newly discovered evidence within the meaning of Fed. R. Civ. P. ("Rule") 60(b)(2).  According to the Trustee, WF's alleged new evidence has been in WF's possession, custody or control since prior to the commencement of Debtor's bankruptcy case.  The Trustee states that this shows WF did

not use due diligence to discover the alleged new evidence prior to the hearing on the Objection.

The Trustee further contends that WF has not demonstrated any extraordinary circumstances that would warrant granting the Motion under Rule 60(b)(6).  According to the Trustee, WF has not shown there was external, extraordinary circumstances that prevented it from submitting the alleged new evidence with its Proof of Claim or its Response.

Finally, the Trustee contends that WF has not established cause for the Court to grant the Motion on equitable principles.

## II. STATUTORY AUTHORITY AND CASELAW

A.    **Relief Pursuant to Rule 60(b)**

A motion for reconsideration may be construed as a motion for relief from judgment under Fed. R. Bankr. P. 9024, which incorporates Rule 60(b).  Rule 60(b) permits relief from "a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud… misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment."  Rule 60(b).

Courts in the Ninth Circuit have recognized that:

[A] motion for reconsideration is not permitted (a) to assert new legal theories that could just as well have been raised before the initial hearing; (b) to present new facts which could have been presented before the initial hearing; or (c) to rehash the same arguments made the first time or simply express an opinion that the court was wrong.

*In re Greco*, 113 B.R. 658, 664 (D. Haw. 1990), *aff'd and remanded sub nom. Greco v. Troy Corp.*, 952 F.2d 406 (9th Cir. 1991).  "Under Rule 60(b), the moving party is not permitted to revisit the merits of the underlying order."  *In re D'Arco*, 2014 WL 5824903, at *3 (Bankr. C.D. Cal. Nov. 10, 2014) (citing to *In re Wylie*, 349 B.R. 204, 209 (B.A.P. 9th Cir. 2006)).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the [bankruptcy] court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law*." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  A motion for reconsideration should not be used to ask the Court to reevaluate what it has already decided – rightly or wrongly.  *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998).

    1.    ***Rule 60(b)(2)***

Relief from judgment on the basis of newly discovered evidence is warranted if:

> (1) the moving party can show the evidence relied on in fact constitutes "newly discovered evidence" within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of "such magnitude that production of it earlier would have been likely to change the disposition of the case."

*Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003).  "Evidence is not 'newly discovered' under the Federal Rules if it was in the moving party's possession at the time of trial or could have been discovered with reasonable diligence." *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 212 (9th Cir. 1987).  Newly discovered evidence does not exist where the party failed to submit available documents in or with the original pleadings. *School Dist. No. 1J*, 5 F.3d at 1263.

///

2.      *Rule 60(b)(6)*

Rule 60(b)(6) states that relief may be granted for "any other reason justifying relief from the operation of the judgment." "Judgments are not often set aside under Rule 60(b)(6)." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006). "Rather, the Rule is 'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Id.* A party who moves for relief under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). Relief under Rule 60(b)(6) requires a showing that the moving party was affected by "'extraordinary circumstances' suggesting that the party [was] 'faultless in the delay.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393, 113 S. Ct. 1489, 1497, 123 L. Ed. 2d 74 (1993). "The burden is on the moving party to bring himself within the purviews of Rule 60(b)(6)." *In re Hammer*, 112 B.R. 341, 345 (B.A.P. 9th Cir. 1990).

### III.  ANALYSIS

As an initial matter, the Motion does not specify under which section of Rule 60(b) it seeks reconsideration. However, WF does not allege that mistake, inadvertence, surprise or excusable neglect occurred. WF does not allege that the Order was a result of "fraud…misrepresentation, or misconduct by an opposing party" under Rule 60(b)(3). Rule 60(b)(4) and Rule 60(b)(5) are inapplicable to the facts of this case; there is neither a void judgment nor a judgment that has been satisfied, released, discharged, reversed, vacated or deemed inequitable. As a result, the only subsections of Rule 60(b) that may be applicable are

Rule 60(b)(2), under which relief may be granted if newly discovered evidence exists; and Rule 60(b)(6), under which relief may be granted if there are other grounds justifying relief from the Order.

**A.      Rule 60(b)(2)**

Here, WF has not shown that the Certified Mail Receipts, the Debtor Service Tracking Record or the Contained Service Tracking Record (together, the "Evidence") is "newly discovered" within the meaning of Rule 60(b)(2).  **[FN 3]**.  WF has not shown that it exercised due diligence with respect to discovering the Evidence.  WF has not shown that it could not have discovered the Evidence with reasonable diligence, prior to or at the hearing on the Objection; WF admits that it did not run a search for the certified mail tracking records until twenty days *after* the hearing.  Moreover, that WF filed the Motion and presented the Evidence less than one month after the hearing illustrates that a diligent search could have been conducted sufficiently in advance to be presented prior to the hearing.

**B.      Rule 60(b)(6)**

WF has not shown any extraordinary circumstances beyond its control which prevented it from producing the Evidence in the Proof of Claim, the Response or prior to or at the hearing on the Objection.  WF has not demonstrated circumstances beyond its control that prevented it from requesting additional time to produce the Evidence.  Finally, WF has not shown that it was faultless in its delay of providing the Evidence only *after* the Court sustained the Objection.  **[FN 4]**.

///

///

///

### IV. CONCLUSION

The Motion does not present any new or compelling information to warrant reconsideration of the Order, nor does the Motion provide any other adequate basis for the Court to reconsider the Order.  Instead, the Motion improperly seeks to revisit the merits of the Objection.  As noted above, parties may not use motions for reconsideration as a vehicle to rehash old arguments or raise new arguments that could have been raised in the party's original papers.

For the reasons discussed above, the Court will deny the Motion.

# # #

Date: December 5, 2022

Victoria S. Kaufman
United States Bankruptcy Judge

**FOOTNOTES**

FN 1:  The Law Revision Comments related to CCC § 8200 state that:

> Section 8200 restates the introductory clause and parts of subdivisions (a) and (b) of former Section 3097. Some repetitive detail is omitted in reliance on defined terms and other substantive provisions.

> Subdivision (e)(2) makes clear that all direct contractors must give preliminary notice to the construction lender or reputed construction lender, if any. This resolves a possible ambiguity in former Section 3097(b).
> …
> The substance of former Sections 3097(f) and 3097.1 are continued in the general notice provisions of this part. See Sections 8100-8118 (notice)….

FN 2:  The Law Revision Commission Comments related to CCC § 8442 state that "[CCC] Section 8442 restates the last part of former Section 3128, and former Section 3129, without substantive change. A reference to 'work' is substituted for the former reference to 'commencement of the work or of the furnishing of the materials.' See Section 8048 ('work')."

FN 3:  To date, WF has not produced any evidence that would prove strict compliance with CCC § 8118(b)(1)-(4) as relates to lender AB Capital.

FN 4:   The Court will not address WF's arguments concerning any alleged exception to the statutory notice requirement, equitable principles and the remedial nature and purpose of mechanic's lien laws or estoppel, because WF did not raise these arguments prior to or at the hearing on the Objection.  *Marlyn Nutraceuticals,* 571 F.3d at 880 ("A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'").